IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| LAUSELL, INC. ) ) | |
| Defendant. ) ) | **JURY TRIAL DEMAND** **INJUNCTIVE RELIEF SOUGHT** |

NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Michael Sepulveda, who was adversely affected by such practices. As stated with greater particularity in paragraph 8 below, the Equal Opportunity Commission (hereinafter "EEOC" or "the Commission") alleges that Defendant, Lausell, Inc. (hereinafter "Lausell"), failed to provide Michael Sepulveda, a qualified individual with a disability, with a reasonable accommodation. The Commission further alleges that Michael Sepulveda was terminated by Defendant because of his disability.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. At all relevant times, Defendant Lausell has been a Puerto Rico corporation doing business in Toa Baja and Bayamon, Puerto Rico, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Lausell has continuously been an employer engaged in an industry affecting commerce under Section 101 (5) of the ADA, 42 U.S.C. § 12111 (5), and Section 101 (7) of the ADA, 42 U.S.C. § 12111 (7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111 (2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Michael Sepulveda filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Lausell. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least March 2004, Defendant Lausell has engaged in unlawful employment practices at its Bayamon, Puerto Rico, facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112:

   a) Michael Sepulveda is an individual with a disability under the ADA in that he has juvenile insulin-dependent diabetes Type II which substantially limits him in major life activities including eating, concentrating, and thinking.

   b) Michael Sepulveda requested that Defendant Lausell provide him with a reasonable accommodation for his disability; to take breaks as necessary to ingest food or take insulin. Defendant Lausell refused to provide Mr. Sepulveda with any reasonable accommodation for his disability. As a result, Mr. Sepulveda's condition worsened.

   c) Defendant Lausell terminated Mr. Sepulveda because of his disability.

9.  The effect of the practices complained of in paragraph 8 above has been to deprive Michael Sepulveda of equal employment opportunities and otherwise adversely affect his status an employment because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice and/or with reckless indifference to the federally protected rights of Michael Sepulveda.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A.    Grant a permanent injunction enjoining Defendant Lausell, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to provide reasonable accommodation to qualified individuals with disabilities, discharging qualified individuals because of a disability, and engaging in any other employment practice which discriminates on the basis of disability.

B.    Order Defendant Lausell to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Lausell to make whole Michael Sepulveda by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Lausell to make whole Michael Sepulveda by providing compensation for past losses resulting from the unlawful employment practices described in paragraph 8 above including, but not limited to, out of packet losses suffered by Michael Sepulveda in amounts to be determined at trial.

E.    Order Defendant Lausell to make whole Michael Sepulveda by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F.  Order Defendant Lausell to pay punitive damages for its malicious and/or reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

NORA E. CURTIN
Supervisory Trial Attorney

*(signature)*

MARITZA I. GOMEZ
USDC-P.R. No.: 219311
EEOC
Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Blvd.
Miami, FL 33131-1805
Tel: (305) 808-1783
Fax: (305)808-1835
maritza.gomez@eeoc.gov